IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01741-REB-KLM

CANDY COPPINGER,

    Plaintiff,

v.

MS. SHOEMAKER,
DR. FRANTZ,
KELLIE WASKO,
DR. WERMER,
MS. SAIZ,
MS. BEAMAN,
MS. KATSMEYER,
MS. TAFOYA,
DR. THISTLEWAITE,
MS. TORREZ,
SGT. DOWD, and
C.O. GRUBB,

    Defendants.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____
**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's "Preliminary Injunction" [Docket No. 24; Filed September 20, 2011] (the "Motion"). The document has been construed and filed as a motion by the Clerk's Office. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C.COLO.LCivR 72.1C, the Motion has been referred to this Court for Recommendation [Docket No. 26]. The Court has reviewed the Motion, the entire case file, and the applicable law and is sufficiently advised in the premises.[1] For the reasons set forth below, the Court

---

[1] A judicial officer may rule on a motion at any time after it is filed. D.C.COLO.LCivR 7.1C.

1

**RECOMMENDS** that the Motion be **DENIED**.

Plaintiff is a state prisoner incarcerated at the La Vista Correctional Facility in Pueblo, Colorado. Plaintiff proceeds *pro se* in this case.[2] In her Amended Complaint, Plaintiff brings seven claims pursuant to 42 U.S.C. § 1983, arising from medical care she has received at the correctional facility [Docket No. 6]. All but one defendant has been served,[3] and the served defendants must answer or otherwise respond to Plaintiff's Amended Complaint on or before October 5, 7, and 24, 2011, respectively [Docket Nos. 16, 25, 27].

In the Motion at issue, Plaintiff seeks on order of the Court against "the medical Department of the Department of Correction [sic]." *Motion*, Docket No. 24 at 3. Plaintiff requests that the Court "appoint an outside specialist" to provide her with medical care, at the expense of the Colorado Department of Corrections ("CDOC"). *Id.*

The CDOC is not a party to this proceeding, and a motion seeking a preliminary injunction is not a proper mechanism for joinder of the CDOC as a defendant. The Court has limited authority to grant injunctive relief against nonparties, and the circumstances permitting such relief are not present here. *See* Fed. R. Civ. P. 65(d) ("Every order

---

[2] The Court is mindful that it must construe the filings of a *pro se* litigant liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be a *pro se* litigant's advocate, nor should the Court "supply additional factual allegations to round out [a *pro se* litigant's] complaint or construct a legal theory on [her] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, *pro se* litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

[3] The Court has issued an Order to Show Cause as to the remaining unserved defendant, Defendant Thistlewaite.

2

granting an injunction ... binds only ... the parties ... .").[4]  Accordingly, the Court respectfully **RECOMMENDS** that Plaintiff's Motion be **DENIED**.

IT IS **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.  A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P.  72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).  A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review.  *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated September 26, 2011, at Denver, Colorado.

BY THE COURT:

s/ Kristen L.  Mix
Kristen L.  Mix
United States Magistrate Judge

---

[4]  The plain language of Fed. R. Civ. P. 65(d)(2) includes a provision permitting the issuance of a preliminary injunction against "other persons who are in active concert or participation" with the parties to a case.  Here, the CDOC is not a person, and in any event, Plaintiff does not allege or demonstrate that the named Defendants are in active concert or participation with the CDOC (as an entity) to deprive Plaintiff of her right to medical care pursuant to the Eighth Amendment.