IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  11-cv-01741-REB-KLM

CANDY COPPINGER,

    Plaintiff,

v.

MS. SHOEMAKER,
DR. FRANTZ,
KELLIE WASKO,
DR. WERMER,
MS. SAIZ,
MS. BEAMAN,
MS. KATSMEYER,
MS. TAFOYA,
DR. THISTLEWAITE,
MS. TORREZ,
SGT. DOWD, and
C.O. GRUBB,

    Defendants.

_____

**ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____
**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court pursuant to the Order to Show Cause issued September 26, 2011 [Docket No. 29].  In the Order to Show Cause, the Court directed Plaintiff to show cause, in a writing filed with the Court, as to why her claims against Defendant Thistlewaite should not be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m) & 41(b).  [#29] at 2.  Plaintiff was directed to either (1) file proof of service on Defendant Thistlewaite, or (2) respond in writing with an explanation of good cause for her failure to properly serve Defendant Thistlewaite, or (3) provide a current address for Defendant Thistlewaite so as to allow the United States Marshal to effect service.  *Id.*

Plaintiff's deadline for compliance with the Order to Show Cause was October 11, 2011. To date, Plaintiff has neither filed a response nor requested an extension of time in which to do so.

Plaintiff filed this civil action on July 1, 2011 [Docket No. 1]. The Amended Complaint was filed on July 20, 2011 [Docket No. 6]. By an Order dated August 23, 2011, the United States Marshal was directed to serve a copy of the Summons and Amended Complaint on all Defendants in the above-captioned matter [Docket No. 15]. On August 25, 2011, the Summons was returned unexecuted as to Defendants Wermers, Saiz and Thistlewaite [Docket No. 16]. The Return included addresses for Defendants Wermers and Saiz, but noted that "'DR. THISTLEWAITE' is not a DOC employee and is not on the DOC Panel of Medical Consultants for indemnification & representation." No forwarding address was provided for Defendant Thistlewaite. Defendants Wermers and Saiz have since been served [Dockets No. 25, 27].

While Fed. R. Civ. P. 4(c) requires that the Court effect service of the Summons and Amended Complaint for plaintiffs proceeding *in forma pauperis*, Plaintiff must provide sufficient information for the Court to do so. *See Hill v. Ortiz*, No. 07-cv-00571-LTB-CBS, 2008 WL 2020289, at *6 (D. Colo. May 9, 2008) (unpublished decision). Plaintiff states that Defendant Thistlewaite's address is unknown. *Am. Compl.*, Docket No. 6 at 4. The address provided by Plaintiff at the time she filed her original Complaint was not sufficient to effect service on Defendant Thistlewaite, and neither the Colorado Department of Corrections, the U.S. Marshal Service, nor the Plaintiff have presented an accurate address for this Defendant to date. Further, Plaintiff has not provided any other information that the Court can use to effect service on Defendant, and, as stated, did not respond to the Court's

Order to Show Cause.  At this stage, it is clear that Plaintiff cannot provide the necessary information to effect service on Defendant Thistlewaite.

Plaintiff was warned in advance that the penalty for the inability to serve or for failing to provide good cause for the service delay would be dismissal of the case against the unserved Defendant.  [#29] at 2.  Accordingly,

IT IS HEREBY **ORDERED** that the Order to Show Cause [#29] is made **ABSOLUTE**.

The Court respectfully **RECOMMENDS** that Defendant Thistlewaite be **DISMISSED WITHOUT PREJUDICE** as a party from this action, pursuant to Fed. R. Civ. P. 4(m).[1]

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.  A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).  A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73

---

[1] The Court notes that the time for service pursuant to Fed. R. Civ. P. 4(m) does not expire until November 17, 2011, as Plaintiff filed her Amended Complaint on July 20, 2011 [#6]. However, Plaintiff's failure to provide the Court and the Marshal Service with a correct address for Defendant Thistelwaite interferes with the Court's setting of a Scheduling Conference, and as described herein, Plaintiff has had ample notice and time in which to facilitate service on Defendant Thistlewaite, yet she has failed to do so.

F.3d 1057, 1060 (10th Cir. 1996).

Dated: October 18, 2011

BY THE COURT:

*[signature]*

Kristen L. Mix
United States Magistrate Judge