IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01741-REB-KLM

CANDY COPPINGER,

    Plaintiff,

v.

MS. SHOEMAKER,
DR. FRANTZ,
KELLIE WASKO,
DR. WERMER,
MS. SAIZ,
MS. BEAMAN,
MS. KATSMEYER,
MS. TAFOYA,
DR. THISTLEWAITE,
MS. TORREZ,
SGT. DOWD, and
C.O. GRUBB,

    Defendants.
_____

**ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____
**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Defendants' Motion to Dismiss [Docket No. 39; Filed October 24, 2011] (the "Motion"). The motion is referred to this Court for recommendation [#40]. Plaintiff filed two Responses to the Motion, on November 3, 2011 [#45] and on December 7, 2011 [#49]. In consideration of Plaintiff's *pro se* status, the Court accepts both Responses for review. Defendants did not file a Reply. The Court has reviewed the Motion, the Responses, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Court respectfully **RECOMMENDS** that the Motion be **GRANTED**.

1

## I. Summary of the Case

Plaintiff is a state prisoner incarcerated at the La Vista Correctional Facility in Pueblo, Colorado. Plaintiff initiated this lawsuit *pro se* pursuant to 42 U.S.C. § 1983 on July 1, 2011 [## 1, 2]. In her Amended Complaint, which is the operative pleading, Plaintiff brings seven claims arising from medical care she has received at the correctional facility: 1) allegations of Eighth Amendment violations due to withheld medical care by Defendants Shoemaker, Beaman, Frantz, Katsmeyer, Wasko, and Tafoya; 2) allegations of Eighth Amendment violations due to prescription of iron pills despite Plaintiff's cirrhosis by Defendants Torrez and Grubb; 3) allegations of Eighth Amendment violations against Defendant Thistlewaite (who was dismissed from the lawsuit on November 17, 2011 [#47]); 4) allegations of Eighth Amendment violations due to deficient notification of medical exam results by Defendant Saiz; 5) allegations of Eighth Amendment violations due to prescription of iron pills by Defendant Frantz; 6) allegations of Eighth Amendment violations due to withheld medical care in 1997 and 1998 by Defendant Wermer; and 7) allegations of First, Eighth, and Fourteenth Amendment violations by unidentified persons and Defendant Dowd, arising from the placement of Plaintiff in administrative segregation for one night on June 21, 2011. *See Am. Compl.*, [#6]. Plaintiff requests $10,000,000 and various forms of injunctive relief. *Id.* at 12.

Defendants responded to Plaintiff's Amended Complaint with the Motion at issue. Defendants ask the Court to dismiss Plaintiff's case pursuant to Fed. R. Civ. P. 12(b)(6). Defendants contend that Plaintiff failed to plead the personal participation required for Section 1983 actions against Defendants Beaman, Frantz, Katsmeyer, Shoemaker, Tafoya,

2

and Wasko.[1] [#39] at 5. Defendants argue that Plaintiff's allegations against Defendants Torrez, Saiz, Wermer, and Grubb do not rise to the level of an Eighth Amendment violation. *Id.* at 7, 10. Defendants further argue that Plaintiff fails to state a claim of any constitutional violation against Defendant Dowd. *Id.* at 11. Defendants refer to the Colorado state statutes mentioned by Plaintiff in passing in her Amended Complaint, and state that the identified statutes are irrelevant, do not provide a private cause of action, and do not waive immunity on part of Defendants as public officials. *Id.* at 12. Finally, Defendants assert the defense of qualified immunity as to all claims against them in their individual capacities. *Id.* at 13.

In her first Response, Plaintiff concedes the dismissal of her third claim against Dr. Thistlewaite, her second claim against Defendant Grubb, and her seventh claim against Defendant Dowd. [#45] at 4. Plaintiff emphasizes her belief that she is receiving medical treatment only for Hepatitis C, and being denied medical treatment for cirrhosis, "high risk HPV", and cysts in both of her ovaries. *Id.* at 1. Plaintiff contends that Defendants Beaman, Frantz, Katsmeyer, Shoemaker, Tafoya, and Wasko should be held liable for their alleged deliberate indifference to her medical needs, because of the "history of widespread abuse" putting them on notice of her claimed constitutional violations.[2] *Id.* at 3. Plaintiff asserts that Defendants Torrez, Saiz, and Wermer are aware of her Hepatitis C, yet have not provided the medical care that she believes is due. *Id.* at 4. Plaintiff expresses her desire to see a "professional that deals with liver disease," in lieu of the "GI specialist and

---

[1] The Court utilizes the spelling of Defendants' names as stated on the docket.

[2] Additionally, in her second Response, Plaintiff argues that Defendants are not entitled to qualified immunity, because she sent them letters and submitted grievances detailing her medical conditions, which gave them notice of the alleged constitutional violations. *See* [#49].

3

Physician's Assistant" who have provided her with treatment. *Id.* at 6.

## II. Standard of Review

The Rule 12(b)(6) standard tests "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). To survive a Rule 12(b)(6) motion, "[t]he complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support plaintiff's allegations." *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[P]lausibility refers to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiff[ ] [has] not nudged [her] claims across the line from conceivable to plausible." *Khalik v. United Air Lines*, – F.3d –, 2012 WL 364058, at *2 (10th Cir. 2012) (internal quotations and citations omitted).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). However, "[a] pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do. Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citation omitted). That said, "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the ... claim is and the grounds upon which it rests;" the 12(b)(6) standard does not "require that the complaint include all facts necessary to carry the plaintiff's burden." *Khalik*, 2012 WL 364058 at *3.

"The plausibility standard is not akin to a 'probability requirement,' but it asks for

more than a sheer possibility that defendant has acted unlawfully." *Id.* (citation omitted). As the Tenth Circuit has explained, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 129 S. Ct. at 1949 (citation omitted).

Finally, the Court must construe the filings of a *pro se* litigant liberally. *See Haines v. Kerner*, 404 U.S. 594, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate, nor should the Court "supply additional factual allegations to round out [the *pro se* litigant's] complaint or construct a legal theory on [his or her] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, *pro se* litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

### III. Analysis

Plaintiff does not designate whether she sues Defendants in their official or individual capacities. As further explained below, the Court finds that Plaintiff fails to allege the requisite personal participation on the part of Defendants Shoemaker, Wasko, Tafoya, Beaman, and Katsmeyer, thus the claims against these Defendants should be dismissed

with prejudice. As to the remaining Defendants Frantz, Wermer, Saiz, and Torrez,[3] the Court finds that Plaintiff does not state a plausible constitutional violation committed by these Defendants, therefore they are entitled to qualified immunity from the claims against them in their individual capacities. As the Court finds that Plaintiff fails to state a plausible constitutional violation, her claims against Defendants in their official capacities should likewise be dismissed. The Court explains each conclusion in turn.

**A.     Personal Participation**

"Individual liability under [42 U.S.C.] § 1983 must be based on personal involvement in the alleged constitutional violation." *Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997) (citing *Grimsley v. MacKay*, 93 F.3d 676, 679 (10th Cir.1996)); *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir.1976) ("Personal participation is an essential allegation in a Section 1983 claim." (citations omitted)). A defendant was personally involved in an alleged constitutional violation only if there is an "affirmative link" between his or her conduct and the described violation. *Stidham v. Peace Officer Stds. & Training*, 265 F.3d 1144, 1156 (10th Cir. 2001). Because of the "affirmative link" requirement, a defendant in a position of general supervisory authority cannot be held vicariously liable for constitutional violations committed by his or her subordinates. *Serna v. Colo. Dep't of Corr.*, 455 F.3d 1146, 1151 (10th Cir. 2006) ("Supervisors are only liable under § 1983 for their own culpable involvement in the violation of a person's constitutional rights."); *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996) ("[S]upervisor status by itself is insufficient to support liability." (citing *Rizzo v. Goode*, 423 U.S. 362, 376 (1976))); *Ruark v. Solano*,

---

[3] Plaintiff conceded the dismissal of Defendants Grubb and Dowd in her first Response. [#45] at 4.

928 F.2d 947, 950 (10th Cir. 1991) ("'[T]here is no concept of strict supervisor liability under section 1983.'" (citation omitted)).

Courts have explained that a defendant in a supervisory position may be personally involved in an alleged constitutional violation committed by his or her subordinates in two situations. First, supervisor liability may arise when the supervisor was personally involved in directing the subordinates to take the action that resulted in the alleged constitutional violation. *Woodward v. City of Worland*, 977 F.2d 1392, 1400 (10th Cir. 1992). Second, supervisor liability may arise when the supervisor had actual knowledge that the subordinates were committing the alleged constitutional violation and acquiesced in its commission. *Id.* (citing *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1478 (3d Cir. 1990) (stating that supervisor liability requires "allegations of personal direction or of actual knowledge and acquiescence")). However, the simple fact that a supervisor knew of and acquiesced in a constitutional violation committed by the subordinates may no longer establish that he or she was personally involved in the violation. *See Arocho v. Nafziger*, 367 F. App'x 942, 947 n.4 (10th Cir. 2010) (citing *Iqbal*, 129 S. Ct. at 1949).

Plaintiff's Amended Complaint is not a model of clarity. Based on the allegations in the Amended Complaint and Plaintiff's Responses, the Court ascertains that Plaintiff sues Defendant Shoemaker in her supervisory capacity as Director of Medical Services ([#6] at 2), Defendant Wasko in her supervisory capacity as Warden (*id.*), and Defendant Tafoya in her supervisory capacity as Associate Warden (*id.* at 3). Plaintiff asserts allegations against Defendants Beaman and Katsmeyer in her Claim One only with regard to these Defendants allegedly receiving letters sent by Plaintiff describing Plaintiff's medical issues. *Id.* at 6.

Simple awareness of a prisoner's complaints of health concerns by virtue of correspondence does not constitute personal participation in the deprivation of a constitutional right. *E.g., Quintana v. Doe*, No. 09-cv-00946-CMA-KLM, 2010 WL 2650052, at *7 (D. Colo. June 30, 2010) ("Receiving correspondence does not establish the personal participation required to trigger personal liability under 42 U.S.C. § 1983." (citation omitted)).  Plaintiff does not contend that Defendants Shoemaker, Wasko, Tafoya, Beaman, and Katsmeyer were personally involved in directing the allegedly unconstitutional conduct at issue in this case, nor does Plaintiff describe with any specificity how these Defendants had actual knowledge of a constitutional violation, as opposed to knowledge merely that Plaintiff had concerns regarding her health. *See Woodward*, 977 F.2d at 1400. The allegations stated by Plaintiff are too tenuous to establish the requisite personal participation on part of these five Defendants.  Accordingly, the Court recommends that Defendants' Motion be granted to the extent that the claims against Defendants Shoemaker, Wasko, Tafoya, Beaman, and Katsmeyer be dismissed with prejudice for Plaintiff's failure to plausibly plead personal participation by these Defendants.

**B.     Qualified Immunity**

Plaintiff's claims remaining before the Court are as follows: 1) allegations against Defendant Frantz for Eighth Amendment violations due to withheld medical care; 2) allegations against Defendant Torrez for Eighth Amendment violations due to prescription of iron pills despite Plaintiff's cirrhosis; 4) allegations against Defendant Saiz for Eighth Amendment violations due to deficient notification of medical exam results; 5) allegations against Defendant Frantz for Eighth Amendment violations due to prescription of iron pills; 6) allegations against Defendant Wermer for Eighth Amendment violations due to withheld

medical care in 1997 and 1998; and 7) allegations of First, Eighth, and Fourteenth Amendment violations by unidentified persons, arising from the placement of Plaintiff in administrative segregation for one night on June 21, 2011.

Defendants contend that Plaintiff "fails to sufficiently allege that any of the Defendants violated the clearly established statutory or constitutional rights of which a reasonable person would have known," thus they are entitled to qualified immunity from the claims against them in their individual capacities. [#39] at 14 (internal quotation and citation omitted). Qualified immunity, in certain circumstances, protects government officials from litigation when they are sued in their individual capacities. *See, e.g.*, *Harlow v. Fitzgerald*, 457 U.S. 800, 814-18 (1982). "[G]overnment officials . . . generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Id.* at 818.

A government official is entitled to qualified immunity from liability for civil damages when his or her allegedly unlawful conduct did not violate any of the plaintiff's statutory or constitutional rights that (1) were "clearly established" at the time of the conduct, and (2) would have been known to a reasonable person in the official's position. *Harlow*, 457 U.S. at 818 (stating that "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known"); *see also Pearson v. Callahan*, 555 U.S. 223, 236 (2009) (holding that although qualified immunity determination involves a two-part inquiry, if the plaintiff fails either inquiry reviewed in any order, no further analysis need be undertaken and qualified immunity is

appropriate). The Supreme Court has stated that "[f]or executive officials in general . . . our cases make plain that qualified immunity represents the norm." *Id.* at 807. Thus, a government official is entitled to qualified immunity in "[a]ll but the most exceptional cases." *Harris v. Bd. of Educ. of the City of Atlanta*, 105 F.3d 591, 595 (11th Cir. 1997).

As further explained below, the Court concludes that Plaintiff fails to state a cognizable constitutional violation against the remaining named Defendants. Plaintiff's claims related to medical care, in essence, request relief based on a difference in opinion as to certain courses of treatment between herself and the prison medical staff. Such difference of opinion does not constitute an Eighth Amendment violation as a matter of law (even if it may constitute medical malpractice). Therefore, the Court recommends finding that Plaintiff has not pled a plausible violation of her constitutional rights, and Defendants are entitled to qualified immunity. Furthermore, Plaintiff's assertion regarding the single day's stay in administrative segregation lacks adequate factual development, and her Claim Seven should be dismissed without prejudice.

### 1. Failure to State a Plausible Eighth Amendment Claim

The Eighth Amendment to the United States Constitution provides that "cruel and unusual punishments" shall not be inflicted. U.S. Const. amend. VIII. Punishments which "involve the unnecessary and wanton infliction of pain" violate this provision. *Gregg v. Georgia*, 428 U.S. 153, 173 (1976). Because "[a]n inmate must rely on prison authorities to treat his medical needs," *Estelle v. Gamble*, 429 U.S. 97, 103 (1976), the Supreme Court held that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment," *id.* at 104 (quoting *Gregg*, 428 U.S. at 173). To prove a claim of deliberate indifference, a prisoner

must establish that (1) she was deprived of a medical need that is, objectively, "sufficiently serious," *Farmer v. Brennan*, 511 U.S. 825, 834 (1994), and (2) the defendant knew of and disregarded "an excessive risk to [the prisoner's] health or safety," *id.* at 837.

Importantly, "it is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishment Clause." *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Thus, "a mere difference of opinion between the prison's medical staff and the inmate as to the diagnosis or treatment which the inmate receives does not support a claim of cruel and unusual punishment." *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980). Further, a prisoner does not have a valid claim of deliberate indifference simply because she was denied "a particular course of treatment" that she desired. *Callahan v. Poppell*, 471 F.3d 1155, 1160 (10th Cir. 2006). "[A] prison doctor remains free to exercise his or her independent professional judgment," *Dulany v. Carnahan*, 132 F.3d 1234, 1240 (8th Cir. 1997), and "[m]edical decisions that may be characterized as 'classic examples of matters for medical judgment,' such as whether one course of treatment is preferable to another, are beyond the [Eighth] Amendment's purview," *Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996) (quoting *Estelle*, 429 U.S. at 107).

Here, Defendants contest Plaintiff's characterization of her HPV diagnosis as sufficiently serious to implicate the Eighth Amendment. [#39] at 7-8. A medical need is sufficiently serious if it is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Ramos*, 639 F.2d at 575 (quoting *Laaman v. Helgemoe*, 437 F. Supp. 269, 311 (D.C.N.H. 1977)).

The Court finds it challenging to distinguish which of Plaintiff's many medical concerns is the need giving rise to the alleged Eighth Amendment violations. Plaintiff does not specify whether the cirrhosis, HPV, or other alleged condition is her medical need to which Defendants are deliberately indifferent. In light of this ambiguity and the Court's obligation to *pro se* litigants, and only for the purposes of this Recommendation, the Court accepts Plaintiff's stated medical conditions (cirrhosis, HPV, Hepatitis C, and cysts) as sufficiently serious to satisfy the objective prong of the deliberate indifference evaluation, considering the extensive medical evaluations Plaintiff has undergone as described in her Amended Complaint.

When evaluating the subjective prong of the deliberate indifference test, the Court considers whether Defendants intended a deprivation of medical care, *i.e.*, acted with deliberate indifference to the harm that could result from a deprivation. *See Farmer*, 511 U.S. at 837. The subjective element can only be proved by showing that Defendants "kn[ew] of and disregard[ed] an excessive risk to inmate health and safety" or acted with a sufficiently culpable state of mind. *See id.* A defendant knew of and disregarded an excessive risk to a prisoner's health or safety when he or she was both "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," *and* he or she actually drew that inference. *Id.*

As mentioned above, an inmate's difference of opinion concerning the medical treatment that he receives or does not receive does not generally support a claim for cruel and unusual punishment. *Olson v. Stotts*, 9 F.3d 1475, 1477 (10th Cir. 1993). A "prisoner's right is to medical care - not to the type or scope of medical care which [she] personally desires." *Henderson v. Sec'y of Corr.*, 518 F.2d 694, 695 (10th Cir. 1975)

(citation omitted). Again, "[m]edical decisions that may be characterized as 'classic examples of matters for medical judgment,' such as whether one course of treatment is preferable to another, are beyond the [Eighth] Amendment's purview." *Snipes*, 95 F.3d at 591 (citation omitted).

The essence of Plaintiff's case is that she believes she is due certain treatments for certain alleged medical conditions, and Defendants have not provided the medical treatments she requests. However, by her own admission, Defendants have provided Plaintiff with medical treatment: placement on iron pills ([#6] at 6); completion of a Pap smear procedure (*id.* at 6, 8); recommendation for an ultra sound (*id.* at 6); evaluation by a Physician's Assistant in early 2010 (*id.* at 7); placement on hormone pills, colace, and iron (*id.*); medical appointment conducted on June 7, 2011 (*id.*); HPV testing completed in 2008 and retesting completed in 2011 (*id.*); instruction to request a Pap smear every six months (*id.* at 8); medical evaluation for "female problems" in 2011 (*id.*); review of Plaintiff's "labs and medical record" by Defendant Frantz as indicated on May 31, 2011 (*id.*); lab testing completed in 2010 (*id.*); approval for treatment of cirrhosis by Defendant Frantz (*id.*); evaluation of Hepatitis C in 1997, 1998, and 2008 by Defendant Wermer (*id.* at 9); and medical evaluations conducted by "a GI specialist and Physician's Assistant" ([#45] at 6).[4] Defendants' record of providing medical treatment, as described by Plaintiff, contradicts a finding that Plaintiff has plausibly pled facts indicating that Defendants knew of and

---

[4] Defendants do not raise the statute of limitations as an affirmative defense, and the Court will not do so on their behalf. *See Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006) ("A complaint may be dismissed *sua sponte* under § 1915 based on an affirmative defense - such as statute of limitations - only when the defense is obvious from the face of the complaint and no further factual record is required to be developed."). However, the Court does note that the statute of limitations applicable to Plaintiff's claims at issue expired on July 1, 2009. *See Workman v. Jordan*, 32 F.3d 475, 482 (10th Cir. 1994) (Colorado's statutory two-year limitations period applies to claims brought pursuant to Section 1983).

disregarded an excessive risk to Plaintiff's health or safety.

Plaintiff's disagreement with the course of treatment employed by prison medical staff may "amount[ ] to a medical malpractice claim cognizable in state court, but it cannot be the basis for a federal § 1983 action. . . . [A] medical malpractice claim does not become a constitutional violation simply because the plaintiff is a prisoner." *Pearson v. Simmons*, No. Civ.A. 95-3006-GTV, 1998 WL 154552, at *2 (D. Kan. Mar. 17, 1998) (unpublished) (citations omitted) (noting that inmate's allegation that defendants were deliberately indifferent to his injury based upon a disagreement about the level of care he received for that injury did not state an Eighth Amendment claim). *See also Bradshaw v. Lappin*, No. 08-cv-02542-PAB-KLM, 2010 WL 908925 (D. Colo. Mar. 11, 2010) (allegations that medical treatment recommended by non-prison medical personnel was not implemented by prison medical staff failed to state an Eighth Amendment claim); *Bastian v. Fortunato*, No. 08-cv-00489-REB-MEH, 2008 WL 4717469 (D. Colo. Oct. 24, 2008) (allegations that prison medical staff deliberately refused to follow instructions of non-prison medical staff failed to state an Eighth Amendment claim). "A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment. At most it is medical malpractice and as such the proper forum is the state court . . . ." *Estelle*, 429 U.S. at 107; *see also Ankeney v. Hartley*, No. 09-cv-02085-CMA-MJW, 2010 WL 2004778 (D. Colo. May 19, 2010) (extending *Estelle* conclusion regarding a medical decision not to order an X-ray to a decision not to order an MRI). Therefore, in consideration of the above-stated precedent, the Court concludes that Plaintiff fails to state a plausible violation of her Eighth Amendment rights, and the claims against Defendants Frantz, Torrez, Saiz, and Wermer in their individual capacities should be dismissed.

### 2. Administrative Segregation

In Claim Seven, Plaintiff contends that, on June 21, 2011, she was "removed from population and put into segregation overnight," . . . "because [she] was going on [her] medical procedure." [#6] at 9. Plaintiff speculates that she was put in segregation because she is sick and needs medical attention "at times that DOC medical can not [sic] do." *Id.* She believes that her placement in segregation for one overnight was a punishment for seeking medical treatment. *Id.* Additionally, during her overnight in segregation, Plaintiff asserts that she was not able "to practice [her] Daily Religious Ritual" for lack of her religious materials. *Id.*

Plaintiff conceded the dismissal of Defendant Dowd, which leaves an "unknown individual who authorized the removal" as the target defendant identified in her Claim Seven. *Id.* Defendants argue that Plaintiff fails to state a claim upon which relief may be granted in her Claim Seven, because she failed to allege specific facts related to her "Daily Religious Ritual," and she failed to allege specific facts related to the conditions in segregation.

The Court agrees with Defendants, but recommends dismissal without prejudice of Plaintiff's Claim Seven, as Plaintiff may be able to assert this claim with greater factual development in a new action. The Court declines to recommend that Plaintiff be permitted to amend her Claim Seven in this action, as the time for serving the unknown defendant has expired, and Plaintiff presents no argument of good cause to extend the deadline for identification of the defendant (who is not named as a John or Jane Doe) and subsequently, for service. *See* Fed. R. Civ. P. 4(m) (setting deadline for service of the Amended Complaint [#6] at November 17, 2011).

**C.      Claims against Defendants in their Official Capacities**

To the extent that Plaintiff fails to establish the violation of any constitutional right as explained above, Plaintiff's request for injunctive relief against Defendants Frantz, Torrez, Saiz, and Wermer in their official capacities should be dismissed. *Dawson v. Johnson*, 266 F. App'x 713, 715-17 (10th Cir. 2008) (unpublished) (holding that dismissal of both official and individual capacity claims against an individual is appropriate where plaintiff failed to show particular defendant violated plaintiff's constitutional rights); *Ajaj v. Fed. Bureau of Prisons*, No. 08-cv-02006-MSK-MJW, 2011 WL 902440, at *4 n.6 (D. Colo. Mar. 10, 2011) (unpublished) (same). The Eleventh Amendment bars recovery of monetary damages from individual state Defendants sued in their official capacities, thus Plaintiff's request for money damages, to the extent it may be construed against Defendants in their official capacities, should also be dismissed. *See Henderson v. Jones*, 378 F. App'x 808, 809-10 (10th Cir. 2010).

**D.      State Law "Claims"**

Plaintiff mentions Colo. Rev. Stat. §§ 25-1.5-105, 25-1.5-102, 25-6.5-102 as grounds for her lawsuit in her Amended Complaint. *See* [#6]. These statutes refer to the powers and duties of the Colorado Department of Public Health and Environment and authority for Colorado state agencies responsible for environmental control. These statutes do not provide a private cause of action, and the Court can find no authority indicating that the statutes provide legal bases for relief in a Section 1983 lawsuit. Therefore, the Court recommends that, to the extent Plaintiff asserts these state statutes as grounds for relief, such claims be rejected.

**E.     Dismissal with Prejudice**

The dismissal of an action "pursuant to Rule 12(b)(6) is a resolution on the merits and is ordinarily prejudicial." *Okusami v. Psychiatric Inst. of Wash.*, 959 F.2d 1062, 1066 (D.C. Cir. 1992); *accord Brierly v. Schoenfeld*, 781 F.2d 838 (10th Cir. 1986) (affirming a district court decision to dismiss with prejudice an action brought under 42 U.S.C. § 1983); *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice"); *Tepper v. Van Dam*, 974 F.2d 1345, 1992 WL 219037, at *3-4 (10th Cir. 1992) (unpublished table decision) (relying on *Okusami*, *Brierly*, and *Cortec* to affirm dismissal of an action with prejudice).  However, due to heightened concerns when the plaintiff is proceeding *pro se*, dismissal with prejudice is only appropriate "where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001); *see also Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006) ("A dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile.") (citing *Grossman v. Novell, Inc.*, 120 F.3d 1112, 1126 (10th Cir. 1997))).  Even as courts are careful to protect the rights of *pro se* plaintiffs, they frequently find that granting the opportunity to amend would be futile. *See, e.g., Arocho*, 367 F. App'x at 955 (describing a set of circumstances under which giving a plaintiff an opportunity to amend his complaint would not be futile as "unique"); *Reynoldson v. Shillinger*, 907 F.2d 124, 127 (10th Cir. 1990) (prejudice should not attach to a dismissal when plaintiff has made allegations "which, upon further investigation and development, could raise *substantial* issues" (emphasis added)); *but see Gee v. Pacheco*,

627 F.3d 1178, 1186 (10th Cir. 2010) ("[O]rdinarily the dismissal of a *pro se* claim under Rule 12(b)(6) should be without prejudice, and a careful judge will explain the pleading's deficiencies so that a prisoner with a meritorious claim can then submit an adequate complaint." (citations omitted)).

Here, no amendment to Plaintiff's Amended Complaint (with respect to all claims other than Claim Seven) would change the facts that correspondence between a prisoner and a defendant does not establish the personal participation required in a Section 1983 action, and that prison medical staff are free to exercise their judgment in prescribing a certain course of medical treatment, so long as they do not disregard known, excessive risks to Plaintiff's health. Thus, no amendment to Claims One, Two, Four, Five, and Six could alter Defendants' entitlement to qualified immunity, and dismissal of Plaintiff's action should be with prejudice as to these claims.

## IV. Conclusion

In sum, Defendant Thistlewaite (and Plaintiff's related Claim Three) was dismissed from this action by Court order [#47]; Plaintiff conceded dismissal of Defendants Dowd and Grubb ([#45] at 4); Plaintiff failed to plausibly plead the requisite personal participation on part of Defendants Shoemaker, Wasko, Tafoya, Beaman, and Katsmeyer; Defendants Frantz, Torrez, Saiz, and Wermer are entitled to qualified immunity based on Plaintiff's failure to plead plausible constitutional violations against these Defendants in their individual capacities; Plaintiff's claims against Defendants Frantz, Torrez, Saiz, and Wermer in their official capacities should be dismissed for the same reasons as the individual capacity claims; the state statutes identified by Plaintiff do not provide a private cause of action; and Plaintiff's final Claim Seven should be dismissed without prejudice.

Accordingly, for the reasons stated above, the Court respectfully **RECOMMENDS** that Defendants' Motion [#39] be **GRANTED**; and that

Plaintiff's Claims One, Two, Four, Five, and Six be **DISMISSED WITH PREJUDICE** and Claim Seven be **DISMISSED WITHOUT PREJUDICE**.

IT IS **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated February 21, 2012, at Denver, Colorado.

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge